United States District Court
Southern District of Texas
**ENTERED**
August 31, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XAVIER JAMAL FRANCIS, SPN #02253518, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. H-23-3147 |
| HCSO, | § § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a Harris County pretrial detainee awaiting trial on charges for murder, burglary of a habitation, and aggravated assault against a public servant, filed a *pro se* complaint under 42 U.S.C. § 1983 against the Harris County Sheriff's Office ("HCSO") for the alleged violation of his constitutional rights.

Having screened the complaint as required by 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Plaintiff names the HCSO as the sole defendant. He claims that, on April 21, 2023, he was struck on the back of his head while in a jail cell. He further claims that he was "call[ed] all kinds of names" during the assault. Plaintiff seeks to be "cash compensated."

## II. ANALYSIS

HCSO is not a proper party to this lawsuit because it is *non sui juris*, meaning it lacks the legal capacity to sue or be sued as a matter of law. A department or office must have a separate legal existence to be sued. *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). A political subdivision cannot sue or be sued unless it is a separate and distinct corporate entity; the HCSO is not a separate and distinct corporate entity that can be sued. *See Potts v. Crosby I.S.D.*, 210 F. App'x 342, 344–45 (5th Cir. 2006) (per curiam) (upholding dismissal of claims against the HCSO because it lacked the capacity to be sued). Because the HCSO is a political subdivision of Harris County, Texas, Harris County would be the proper defendant for claims against the HCSO.

However, even had plaintiff named Harris County as the defendant, he pleads no factual allegations raising a viable claim against the municipality. "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). A local government may not be sued under section 1983 for the deprivation of rights guaranteed by the Constitution or federal law inflicted solely by its employees or agents. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). However, "when execution of a government's policy or custom, whether made by its

lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," the government agency is liable under section 1983. *Id.*

To state a claim against a municipality under section 1983, "a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). An official policy is either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents the municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc).

Here, plaintiff did not plead any facts that support an official policy promulgated by a municipal policymaker that was the moving force behind the violation of a constitutional right. Consequently, Harris County, even if properly named as defendant, cannot be held liable in this lawsuit under section 1983.

## III. CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for which relief can be granted under section 1983. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 30th day of August, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE